JAMES L. WANDLING v. J. BOWMAN THOMPSON.

Preference in payment will be given to a junior judgment creditor over an earlier judgment obtained without consideration, or for the purpose of defrauding creditors.

On rule to show cause. On application of Van Nostrand & Co. to be paid certain moneys paid into court.

Argued at February Term, 1879, before Justices VAN SYCKEL, KNAPP and DIXON.

For the rule, O. Jeffrey.

Contra, L. DeWitt Taylor.

The opinion of the court was delivered by

KNAPP, J. Under an execution issued upon the above-stated judgment, lands of the defendant were sold, and the proceeds of the sale, amounting to $300, were, upon order of the court, paid into the clerk's hands. The order upon the sheriff was made at the instance of H. D. Van Nostrand & Co., who had, after the entry of the plaintiff's judgment, and before sale made, recovered a judgment against the defendant. These judgment creditors contest for priority of payment from this fund, the applying creditors claiming that the earlier judgment should be postponed until theirs shall be satisfied out of this money. They impeach its validity, on the ground that, as to the larger and unpaid portion of the judgment, it was without consideration, and was intended to delay and

defraud creditors. The manner of procuring the judgment was, as they aver, a designed evasion of the law regulating judgments by confession, requiring an affidavit of the true consideration and *bona fides* of the claim.

The plaintiff in the case was authorized by *cognovit* to sign judgment against the defendant. This differs from a warrant of attorney to confess judgment, in that the latter precedes the action, and authorizes, by writing under seal, another for the debtor, to appear to any suit to be brought by the creditor, and confess the action. The former is used where, after suit brought, the defendant, unable or unwilling to venture a defence, consents in writing that the plaintiff have his judgment. And where a defendant is brought into court by usual service of process, he may waive any time allowed him by law, confess the plaintiff's claim, and the judgment will be valid in the absence of fraud. No affidavit will, in such case, be required of the plaintiff. *Stewart* v. *Walters*, 9 *Vroom* 274, and cases cited.

To such a case the provisions of the act regulating confessions of judgment on bonds with warrants of attorney, and by the personal appearance of the defendant in open court, requiring an affidavit, will not apply. But this act is in furtherance of the general policy of the law for the suppression of fraud and the protection of creditors from dishonest devices, and forms of law should afford no shelter for fraudulent practices. If the judgment of the plaintiff is without consideration as to the whole amount, or to the part of it remaining unsatisfied, or was devised as a scheme to hinder or defraud creditors, it cannot stand against the claim of the applying judgment creditors. *Freem. on Judgments*, § 334.

The defendant, at the time the first judgment was obtained, was in debt and insolvent. By an arrangement between the plaintiff and the defendant, they met at the office of an attorney on the 21st of July, 1877. A promissory note for about $2000, nearly two-thirds of the amount of the judgment, payable on demand, and dated the 20th of July, was given by the defendant to the plaintiff. The summons was

drawn returnable on the 21st, antedated two days; as I think fairly inferable from the testimony, service was acknowledged by the defendant; the declaration, *cognovit*, order for judgment, and execution were all drawn on that day, and sent to the office for filing, entry and recording. The plaintiff was the particular friend of the defendant, and related to him. He was a young man of small means, so far as can be gathered from his testimony; and although he was examined at great length as to the consideration upon which his judgment was founded, it would be a difficult task to find, with any approach to certainty, evidence of a claim beyond $400 or $600. He is without accounts or memoranda, and has no memory of dates or amounts of his alleged loans of money. His own testimony is suggestive of good reason why his judgment was not taken in a form requiring an affidavit of the true consideration.

He has received already $1300 on his judgment, and I am induced by the evidence to believe that sum to be more than was ever due to him from the defendant. What nominally remains due on the judgment has no foundation in any valid claim, and I am persuaded that the judgment in its inception was designed as a cover for the defendant.

The method of obtaining this judgment ought not to be approved. The defendant was not brought into court by force of the process. It is a deceptive form and show. If he was in court at all, he came voluntarily there to confess a judgment, by arrangement between the parties, and whatever the appearances may be, their real purpose was such that the law, in order to the successful accomplishment of that purpose, demanded of the plaintiff to disclose, on oath, the true ground of his claim, and negative all fraudulent intent. If a judgment can, by arrangement of parties, be put upon record as this was, and be held valid, without the affidavit made requisite in the law regulating confession of judgments, so facile a method will be furnished for the evasion of that law, that there would seem to be little necessity longer to encumber the statute book with it.

For either of the grounds stated I am of opinion that the Wandling judgment should stand postponed in payment out of the fund in court until the judgment of the contestants be satisfied.